All right. Thank you counsel. The case just argued will be submitted Will be Just keep going All right Thanks Your argument in the next case on calendar for argument this morning Which is 25-103 Sherry Cloninger versus Frank Bisignano And we will hear first from Mr. Sell Good morning, Your Honor. Thank you. May it please the court. This case turns on two legal errors The first error the ALJ rejected plaintiff's assertion of disabling back pain without clear and convincing reasoning And lacking substantial evidence because none of the evidence that the ALJ cited supports her claims about that evidence The second error the ALJ rejected plaintiff's assertion about disabling cognitive and mental health impairments without clear and convincing evidence Because the ALJ cherry-picked the evidence I'll start by addressing the back complaint Here in the ALJ's decision the ALJ specifically rejects claimant's allegations about back pain stating Musculoskeletal examinations of the claimant noted she denied back pain And she had normal muscle tone five out of five muscle strength in her extremities and no joint pain or swelling She then provided eight citations to the record Significantly none of the citations the ALJ provided actually contains a denial of back pain And in fact most well, in fact all of the citations the ALJ provided support Plaintiff's allegations about back pain. For example, one of the citations the ALJ provided states quote her back pain is severe and disabled Because none of these citations actually support the assertions the ALJ made about them the ALJ's reasoning on this issue is not supported by substantial evidence Additionally I mean, yes, you refer to that comment, but why isn't this a case where you know the ALJ is  sifting the evidence and maybe we would have weighed it differently, but the standard of review prevents us from from Second guessing it as if we were the ALJ Yeah, this is this is not a case Especially with regard to the back issue. This is not a case In which the ALJ is reweighing the evidence. This is not a case where the ALJ has presented two rational interpretations of the record in this case the ALJ relied on Evidence that she cited that does not in fact support The statements she makes about the evidence That's that's simply a lack of substantial evidence on the back issue Turn to address the cognitive and mental health issue Um in this case the ALJ rejected plaintiff's allegations of disabling Neurocognitive disorder and mental health issues. It's it's significant in this case. This this is a claimant who had treatment resistant major depressive disorders so severe that She elected to go on undergo electroconvulsive therapy. This is a therapy in which electricity is passed through the brain Triggering intentionally triggering seizures for example in her first application of this treatment The EEG reports she experienced 32 seizures It's a woman whose depression is so severe that she elected this treatment in this case the ALJ rejects her testimony regarding these limitations stating that She does have a neurocognitive disorder. She does have major depressive disorder that's recurrent But the ALJ states there are few objective findings indicating significant functional restrictions and then turns to the mental status examinations and says There's a bunch of mental status examinations with relatively benign findings Therefore i'm going to reject her testimony about her limitations The problem with that is that there are at least as many if not more mental status examinations with significant impairment You call that cherry picking but now it goes back to my question same question on the back pane, which is here you you do have sort of you know some that Don't and some that you argue do and isn't this just Weighing it and that's what the ALJ does and we just review for substantial evidence And if there's two ways to read it, we can't do anything the problem so our this court's case law says that to ignore is to reject and here we have a lot of mental status examinations that include things like um Her memory is so bad. She can't uh calculate or her cognition is so bad. She can't calculate her own birthday uh She's suicidal all these other things If the judge fails to address that and give you a reason a clear and convincing reason why she's rejecting that This court can't review her reasoning and that's that's why we require some articulation If there's no articulation, we don't know that she's rejecting This evidence for a clear and convincing reason Simply asserting that other evidence exists is insufficient because courts cannot review that sort of assertion What would you focus on the memory? Pardon me the memory loss issue Certainly your honor. Um, so we have uh Among the evidence that I cited in my brief that the ALJ ignored we have um So for example, this is at the record at page 395 uh This is a mental health status. Sorry a mental health examination that states her memory is limited. She has difficulty recalling her age Initially stating she was 46 and then 44. She knows her birth date, but she is unable to calculate her age Um, we have numerous other uh Descriptions so we have a mental status examination. This is in the transcript at 352 Stating that her speech is somewhat slow and her memory and recall are poor um, she underwent a slums examination, this is a relatively Simple mental health examination which a person is asked to say identify a camel versus an elephant um, and that showed neurocognitive impairment that's in the record at uh 340 um Well, as I understand it the ALJ determined that her memory varied from fair somewhat limited to intact but the Examinations that supported that all predate the onset date of the disability Which would favor your position would it not yes And what would be the consequence if if we find that the ALJ did not provide clear and convincing reasons regarding memory loss would that result in in uh reversal in your favor Yes, that would result in a um a finding of legal error sufficient to remand the case Uh, and that is for a couple of reasons. First of all, we have um vocational expert testimony in this case that shows that um in this case The specific finding is that a person who would be off task 20 or more of the work day would be incapable of performing competitive work and a person with memory impaired to the extent that climate alleges would have that limitation and that would Then be a disabling finding If there's no further questions i'll reserve the rest of my time. All right. Thank you council All right. We'll hear again from Mr. Nelson May I please the court council Lars Nelson on behalf of the commissioner of social security This court should affirm the decision of the ALJ because it's supported by substantial evidence and free of prejudicial legal error Um, I think context is important here your honors, uh, this is a case where the claimant previously, uh Went to school with honors, uh, or graduated with honors. She went on a scholarship She was performing at a very high level and then she enrolled in the master's program in a stem field of virology and then once enrolled in that program is where she Hit problems. She was struggling and doing something. That's very difficult pursuing a master's degree in virology So she alleged problems thereafter with memory Concentration and getting along with people and the ALJ largely accommodated these The ALJ restricted accommodated her memory problems by restricting her to only simple instructions her concentration by performing only simple tasks and her social limitations by restricting her to um Just occasional interaction with co-workers and other people and no teamwork These are huge steps down from what someone who was previously Said she could hear a piano piece and play it from memory without having had any other lessons So the ALJ provided profound accommodations here For the claimant, but the ALJ found that greater ones Were unwarranted in light of the normal exam findings and the fact that she persisted In pursuing this graduate degree and ultimately, uh working in a laboratory The ALJ also addressed her back problems and I would like to go to the um ALJ's decision um to just clear a point up that was made, um By my opposing counsel on 24 The ALJ does cite as he noted eight records And one of the records he cites is a few from 5f and this was a from what 5f. Okay Um, this was a scrivener's error, your honor If you look at 5f and the corresponding pages, they do not support the ALJ's finding however at 15f If we look at every single one of those pages cited The claimant denied having back pain and that's at 1537 1542 1548 and 1560 And that was after her spinal surgery This is not an issue in this case where there could be a closed period of disability because she had spinal surgery in july of 2018 Which was very shortly after the period at issue began. So we don't have Um a 12-month period where she could be found disabled before her surgery and notably in january she was had minimal conservative treatment So this case is very much akin to smart where the claimant Up to her surgery had conservative treatment She ultimately didn't need surgery and there was a period of six weeks where she had significant restrictions But thereafter she denied back pain and uh She ultimately said that at 461 in the record that her back pain was totally gone um in light of this the ALJ's interpretation of this evidence including the profound improvement is consistent with the unchallenged opinion of Dr. Moner here Um at 85 and 86 the ALJ noted, uh, Dr. Moner noted this improvement the ALJ found this opinion persuasive And that finding is not challenged on appeal Um fundamentally the arguments here are just asking this court to reweigh the evidence But the ALJ cited substantial evidence to support the findings to the cherry-picking contention on the on the mental health and the issue of timing differential And in terms of the um The ALJ acknowledged specifically acknowledged that in terms of her speech and her memory there were mixed findings but the ALJ cited, uh Thorough testing the Welsher intelligence testing at 420 Which showed that her memory was only in the low average range Um, so that's still average and by definition, that's where most people fall Again, this was context is important. This was a woman who Um was performing functioning at an extremely high level And the ALJ then restricted her to remembering only simple instructions a massive step down from the complex stem field that she was in before And ultimately whatever her memory problems were Uh as Dr. Carter noted shortly after the period at issue They did not ultimately stop her from pursuing her master's degree and working in a lab as part of that program um This is a very limited record here given the narrow period of time Uh, the ALJ only has so many record, you know So many records to deal with and on this limited record the ALJ was able to point to here um specific evidence that uh Supported the ALJ's profound limitations and because the ALJ's decision is ultimately reasonable and supported by substantial evidence Uh, the commission would ask this court to affirm And unless this court has any further questions All right. Thank you counsel. We'll hear rebuttal Thank you your honors, uh, I guess i'll begin where counsel left off and the question of the Claimant's capacity to perform school so The record here shows that she was in school for approximately nine years The degree she was pursuing was a two-year degree And in the course of nine years, she was unable to complete a two-year degree the disabling Uh limitation that the vocational expert testified was that a person would be off task twenty percent of the time Would be incapable of performing competitive work So two years Uh failing to complete a two-year degree in nine years is evidence that this woman would be off task at least twenty percent of the time Um, she was also performing this, uh schooling with disability accommodations uh there is some mention as counsel noted that she was performing some work in the lab, but uh again with disability accommodations and The ALJ specifically found that this claimant was not performing substantial gainful activity with regards to the Suggestion that we have a Scrivener's error here um I just quickly reviewed the records I believe the records that counsel is referring to are all urology records that occurred after the After the date last insured in this case uh, so Were this court to speculate that the ALJ had made a typo and that they had landed on these urology notes They would be irrelevant because they're after the date last insured And if you look at the hearing testimony in this case The ALJ is explicit that she will not consider evidence after the date last insured. But what's curious is um if you look at the ALJ's ruling that same String site of pages 39 44 50 62 sometimes with a few extra pages added Occurs several times in the decision. All the others have 15 rather than five. So it that does sort of Well fair enough your honor that it is in fact a Scrivener's error But well, I'll give you that but even if you accepted that it was a Scrivener's error. It's another error It's another error it she specifically states that she will not uh consider evidence post Uh date last insured, uh, she says it several times in the hearing testimony in fact, she uh Interrupts the representative several times and asks her not to ask questions about evidence day last after the date last insured If an ALJ specifically says she's not going to accept testimony on an issue. It would not be uh It would not it would be legal error to then uh, deny a claimant based on that evidence But even a setting aside the back issue, uh, turning to the issue of uh, the plaintiff's cognitive impairment uh the ALJ simply needed to Address this significant evidence in order for appellate courts to review it and she did not do that. So we would ask you to Uh find legal error and remand the case
judges: COLLINS, LEE, Fitzwater